IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEBRA MITCHELL, <br><br> Plaintiff, <br><br> v. <br><br> ALLSTATE INSURANCE CO., SAMANTHA SOTOLONGO, in her individual capacity, ANGELINA STANKUS, in her individual capacity, PEGGY ORLANDINO, in her individual capacity, <br><br> Defendants. | Case No. 19-cv-07899 <br><br> Judge Mary M. Rowland |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Debra Mitchell brings this action against Allstate Insurance and its employees Samantha Sotolongo, Angleina Stankus, and Peggy Orlandino. Mitchell alleges race and age-based employment discrimination, fraud, and defamation. The defendants move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the complaint. For the reasons given below, the defendants' Motion to Dismiss is granted.

**I. Background**

The following factual allegations are taken from the Complaint (Dkt. 1) and are accepted as true for the purposes of the motion to dismiss. *See W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016).

Plaintiff Debra Mitchell brings this civil rights action alleging, among other claims, that Defendants Allstate Insurance, Samantha Sotolongo, Angleina Stankus. and Peggy Orlandino subjected her to racial and age-based discrimination and

1

harassment in her role as an employee under their supervision. Dkt. 1 at ¶¶ 1-3, 43-62. Mitchell is a 59-year-old African American woman with extensive experience in the insurance industry. *Id.* at ¶¶ 1, 9. She lives in Lansing, Illinois. *Id.* Allstate Insurance is a large publicly traded insurance company headquartered in Northbrook, Illinois. *Id.* at ¶ 2. Sotolongo, Stankus, and Orlandino are all employees of Allstate. *Id.* at ¶ 3. Sotolongo was Mitchell's direct supervisor at Allstate, while Stankus and Orlandino participated in her hiring interviews and occupied other management positions at the company. *Id.* at ¶¶ 11, 17.

In 2017, Mitchell was hired by Allstate to work as a Strategy and Operations Senior Consultant. *Id.* at ¶ 14. Mitchell believed that the position was a leadership one where she would be responsible for achieving growth by providing advice to Allstate's independent agents. *Id.* at ¶¶ 9, 10. During her hiring interviews, Sotolongo, Stankus, and Orlandino all reinforced this understanding. *Id.* at ¶¶ 10, 11. Her previous experience consulting for independent insurance agents qualified her for the role. *Id.* at ¶¶ 9, 11. She began work on October 7, 2017. *Id.* at ¶ 14.

After Mitchell started, however, she discovered that her actual job responsibilities were very different. *Id.* at ¶ 15. Her work consisted primarily of cleric duties, software development, and "agile story writing"—a step in "agile" software development. *Id.* at ¶ 13. After three weeks, Mitchell requested a transfer to a different position in the company more consistent with her skill set. *Id.* at ¶ 18. Sotolongo, Orlandino, and others told Mitchell she could not request a transfer, guidance that was inconsistent with Allstate policy. *Id.* at ¶¶ 18, 19.

2

After the transfer request, Sotolongo's treatment of Mitchell became increasingly harsh. *Id.* at ¶ 20. Sotolongo rated her work as "unacceptable," disparaged her to management figures, frequently berated her in front of coworkers, and impeded her ability to do work or get assistance. *Id.* at ¶¶ 20, 23-25, 30. She also frequently required younger colleagues to rewrite Mitchell's agile stories, even if experts had approved Mitchell's work. *Id.* at ¶ 28. Mitchell contends that Sotolongo took these actions because she believed a person of Mitchell's age and race could not write proper agile storie. *Id.* at ¶ 29. At the same time, there were other indications that Mitchell was doing well in her role. These included her being awarded the "Badge," a company award for employees, and being selected to attend an Allstate meeting in Lincoln, Nebraska. *Id.* at ¶¶ 22, 33.

Nevertheless, on April 18, 2018, after just six months on the job, Mitchell was fired from Allstate. *Id.* at ¶¶ 34, 45. Sotolongo stated that she was being fired for a clerical error she had made. *Id.* Although Allstate procedures apparently allow for unacceptable performance to be rectified, Sotolongo stated that Mitchell would be fired regardless. *Id.* at ¶ 32. As a result, she was the only person at her level fired for a single clerical error. *Id.* at ¶ 34.

After Mitchell was fired, Sotolongo contacted the Illinois Department of Employment Security and informed them that Mitchell was fired for misconduct. *Id.* at ¶ 35. The office, however, concluded that there was no evidence of misconduct. *Id.* Mitchell contends that she was harassed and eventually fired because of her race and age. *Id.* at ¶¶ 54, 60. She filed the instant complaint in May of this year.

3

**II.  Standard**

A motion to dismiss tests the sufficiency of a complaint, not the merits of the case. *Gibson v. City of Chi.,* 910 F.2d 1510, 1520 (7th Cir. 1990). "To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quotations and citation omitted). *See also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."). A court deciding a Rule 12(b)(6) motion accepts plaintiff's well-pleaded factual allegations as true and draws all permissible inferences in plaintiff's favor. *Fortres Grand Corp. v. Warner Bros. Entm't Inc.,* 763 F.3d 696, 700 (7th Cir. 2014). A plaintiff need not plead "detailed factual allegations", but "still must provide more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action for her complaint to be considered adequate under Federal Rule of Civil Procedure 8." *Bell v. City of Chi.*, 835 F.3d 736, 738 (7th Cir. 2016) (citation and internal quotation marks omitted).

Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558, 127 S. Ct. 1955, 1966 (2007). Deciding the plausibility of the claim is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chi.*, 671

4

F.3d 611, 616 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 679, 129 S. Ct. 1937, 1950 (2009)).

### III.     Analysis

Mitchell's Complaint brings six counts against the defendants. She claims (I) that they fraudulently induced her to accept the job; (II) that Allstate created a hostile work environment based on race in violation of Title VII of the Civil Rights Act of 1964; (III) that Allstate discriminated against Mitchell on the basis of her race in violation of Title VII; (IV) that Allstate discriminated against her on the basis of her age in violation of the Age Discrimination in Employment Act (ADEA); (V) that Sotolongo and Allstate defamed her through a false report to the Illinois Department of Employment Security; and (VI) that they all discriminated against Mitchell on the basis of her race in violation of 42 U.S.C. § 1981.

Count V, alleging defamation, is quickly disposed of. Mitchell has forfeited the claim by failing to respond to the Motion to Dismiss on this count. *See Boogaard v. Nat'l Hockey League*, 891 F.3d 289, 295 (7th Cir.) ("[A] district court may hold a claim forfeited if a plaintiff fails to respond to the substance of the defendant's motion to dismiss."). It is dismissed with prejudice.

Next, we consider Mitchell's discrimination claims.

#### A. Count II Is Beyond the Scope of Mitchell's EEOC Charge

Mitchell's first discrimination claim is Count II, which alleges that she was subjected to a hostile work environment in violation of Title VII. In general, "a Title VII plaintiff cannot bring claims in a lawsuit that were not included in her EEOC

5

charge." *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). In order to determine if a claim has been "included" in the EEOC charge, we employ a "a liberal standard." *Farrell v. Butler Univ.*, 421 F.3d 609, 616 (7th Cir. 2005). The plaintiff need not specifically allege a given claim. Instead, the claim may be raised in court so long as it is "like or reasonably related to the allegations of the charge and growing out of such allegations." *Id.* (citations omitted). A claim at trial is not reasonably related to the EEOC charge "unless there is a factual relationship between them." *Cheek*, 31 F.3d at 501. At very least, they must both "describe the *same conduct* and implicate the *same individuals*." *Id.*

*Cheek v. W. & S. Life Ins. Co.* provides a good example of this standard in practice. In that case, an insurance sales representative alleged sex discrimination. *Id.* at 498. In her EEOC charge, she pointed to a pattern of intimidation not experienced by her male colleagues to support her allegation. *Id.* at 499. At trial she again alleged sex discrimination, but this time pointed to a pattern of transferring women to less lucrative sales routes. *Id.* at 501. The 7th Circuit held that this claim was unrelated to the EEOC charge, and thus barred, because it shifted "the type of conduct alleged to be discriminatory." *Id.* at 502.

Mitchell's hostile work environment claim is similarly deficient. Her EEOC Charge states, in relevant part, "During my employment, I was disciplined and or about [sic] April 18, 2018, I was discharged. I believe I was discriminated against because of my race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended." Dkt. 1 Ex. 1. Her Complaint, however, describes "harassing conduct and

6

disparaging remarks" that created a hostile work environment. Dkt 1. at ¶ 46. The Charge makes no mention of harassing conduct or disparaging remarks, only referencing being disciplined and then fired. Her Complaint thus raises new conduct from that described in the EEOC Charge. It is unrelated to the EEOC Charge, and so barred from consideration here. Count II is dismissed with prejudice.

### B. Mitchell Fails to State a Discrimination Claim Against the Defendants

Mitchell raises three further counts against the defendants alleging violations of federal laws that prohibit discrimination on the basis of race and age. Although these claims are governed by different statutes, they all require that a defendant's discriminatory actions be related to the plaintiff's race or age. 42 U.S.C. § 2000e–2(a) (stating that it is unlawful to discriminate against an employee "because of such individual's race, color, religion, sex, or national origin"); 29 U.S.C. § 623(a) (prohibiting employees over 40 years old from being discriminated against because of their age); *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 880 (7th Cir. 2012) ("An employment practice that passes muster under Title VII does not violate § 1981."). Although "detailed factual allegations" are not required to survive a motion to dismiss, simply pleading that a defendant belongs to a particular protected group and suffered ill-treatment is not enough. *Bell v. City of Chi.*, 835 F.3d 736, 738 (7th Cir. 2016). Some causal relationship between the two claims, beyond "mere labels and conclusions," must be shown. *Id*. This relationship can be shown or inferred in a variety of ways, but without it a discrimination claim cannot survive a motion to dismiss.

7

Mitchell's Complaint, however, makes no such connection between her protected identity and her treatment. Putting aside conclusory statements that "Sotolongo . . . had an intent to discriminate against Plaintiff on the basis of race" and that "Plaintiff was subjected to harassment . . . because of her age," Mitchell does not plead any facts that suggest her treatment at Allstate was in any way related to her age or race. Dkt. 1 at ¶¶ 60, 77; *see also Id.* at ¶¶ 49, 54, 71 (containing similarly conclusory statements). Instead, she describes a pattern of ill treatment and then summarily concludes the treatment was because of her race and age. Despite Mitchell's assertions, however, the facts alleged gives us no basis to infer a racial or ageist motivation instead of a legally compliant one. One might just as reasonably conclude, for example, that Sotolongo was hostile to Mitchell because of her early request to transfer jobs. *Id.* at ¶ 20 (noting that "[i]n the ensuing months after the transfer request, the treatment of Plaintiff by Sotolongo quickly deteriorated").

In her Response, Mitchell lists the various ways she was treated badly by Sotolongo and argues that these actions in themselves are proof of an illegal motive. The cases she cites, however, all contain allegations that connect the experienced harm with evidence of a racial or ageist intent. *See, e.g., Coleman v. Donahoe*, 667 F.3d 835, 841 (7th Cir. 2012) (discussing evidence that white employees had been punished less severely for more serious violations); *Miller v. Polaris Labs.*, LLC, 797 F.3d 486, 488 (7th Cir. 2015) (discussing racist comments made by the defendant's coworkers and the management's failure to sufficiently address them). That

8

connection is missing here. Accordingly, Counts III, IV, and VI are dismissed without prejudice.

### C. The Court Declines to Exercise Subject Matter Jurisdiction Over Count I

Count I of the Complaint alleges fraudulent inducement, a state law claim. This Count was brought under the Court's supplemental jurisdiction, as it arises from the same case or controversy as the federal claims. *See* 28 U.S.C. § 1367(a). Having disposed of the federal claims in the previous two sections, we dismiss Count I without prejudice for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction.").

### IV. Conclusion

For the stated reasons, the defendants' Motion to Dismiss is granted. Count II and Count V are dismissed with prejudice. All the other dismissals are without prejudice.

E N T E R:

Dated: December 14, 2020

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge

9