IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEBRA MITCHELL,<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE INSURANCE CO., SAMANTHA SOTOLONGO, ANGELINA STANKUS, PEGGY ORLANDINO,<br><br>Defendants. | Case No. 19-cv-07899<br><br>Judge Mary M. Rowland |

## MEMORANDUM OPINION AND ORDER

Plaintiff Debra Mitchell brings this action against Allstate Insurance and its employees Samantha Sotolongo, Angleina Stankus, and Peggy Orlandino. Mitchell alleges race and age-based employment discrimination and fraudulent inducement. The Court dismissed Mitchell's original complaint. Mitchell has filed an amended complaint, and Defendants again move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons given below, the Motion to Dismiss [36] is granted in part and denied in part.

### I. Background

The following factual allegations are taken from the First Amended Complaint (Dkt. 34, "FAC") and are accepted as true for the purposes of the motion to dismiss. *See W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016).

Mitchell brings this civil rights action alleging, among other claims, that Defendants Allstate Insurance, Samantha Sotolongo, Angleina Stankus, and Peggy

1

Orlandino subjected her to racial and age-based discrimination and harassment in her role as an employee under their supervision. Mitchell is a 59-year-old African American woman with extensive experience in the insurance industry. FAC at ¶¶ 1, 9. Allstate is a large publicly traded insurance company and Sotolongo, Stankus, and Orlandino are all Allstate employees. *Id.* at ¶¶ 2, 3. Sotolongo was Mitchell's direct supervisor; Stankus and Orlandino participated in her hiring interviews and occupied other management positions at the company. *Id.* at ¶¶ 11, 18.

Mitchell began her employment at Allstate on October 7, 2017, and prior to her start date was upgraded to a Strategy and Operations Senior Consultant II designation. *Id.* at ¶14. Mitchell spent the overwhelming majority of her time completing job functions that were unrelated to the position represented during her interview process. *Id.* at ¶15. She was the only member of leadership required to do clerical work—most other members of management, including Orlandino (younger and white), Stankus (younger and white), and Sotolongo (younger and white), were on the same level and not required to do the clerical work. *Id.* Mitchell was also required to perform software development functions despite having no experience performing these functions. *Id.* at ¶¶16-17. On or about October 28, 2017, Mitchell requested a transfer to a Claims Director position with Allstate that was more closely aligned with her skill set. *Id.* at ¶19. Sotolongo denied that this was possible. *Id.* At a meeting, Orlandino, and Miguel Edward[1] affirmed to Mitchell that she was unable to transfer and suggested that such a request was not appropriate. *Id.*

---

[1] The FAC later identifies Miguel Edward*s* as "a management figure" who complimented Mitchell's work. *Id* at ¶36.

2

After her transfer request, Sotolongo's treatment of Mitchell deteriorated. *Id.* at ¶21. Among other things, Mitchell alleges that Sotolongo rated her employment performance "unacceptable" but Mitchell's similarly-situated, substantially younger white counterparts were not given "unacceptable" performance ratings for performance substantially similar to her performance. *Id.* Sotolongo would berate and ridicule Mitchell in front of her coworkers but did not openly criticize Mitchell's similarly-situated, substantially younger white coworkers. *Id.* at ¶25. On April 18, 2018, Sotolongo terminated Mitchell's employment at Allstate. *Id.* at ¶37. No substantially younger, white employees were disciplined or terminated as Mitchell was for making a clerical error. *Id.* at ¶¶37-38.

## II.    Standard

A motion to dismiss tests the sufficiency of a complaint, not the merits of the case. *Gibson v. City of Chi.,* 910 F.2d 1510, 1520 (7th Cir. 1990). "To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quotations and citation omitted). *See also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."). A court deciding a Rule 12(b)(6) motion accepts plaintiff's well-pleaded factual allegations as true and draws all permissible inferences in plaintiff's favor. *Fortres Grand Corp. v. Warner Bros. Entm't Inc.,* 763 F.3d 696, 700 (7th Cir. 2014). A plaintiff need not plead "detailed factual allegations",

3

but "still must provide more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action for her complaint to be considered adequate under Federal Rule of Civil Procedure 8." *Bell v. City of Chi.*, 835 F.3d 736, 738 (7th Cir. 2016) (citation and internal quotation marks omitted).

Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558, 127 S. Ct. 1955, 1966 (2007). Deciding the plausibility of the claim is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 679, 129 S. Ct. 1937, 1950 (2009)).

**III. Analysis**

Mitchell's original complaint brought six claims under federal and state law. In its December 14, 2020 Order, the Court granted Defendants' motion to dismiss, dismissing without prejudice the discrimination counts; however Counts II (hostile work environment under Title VII) and V (defamation) were dismissed with prejudice. (Dkt. 31). In her four-count FAC, Mitchell alleges: (I) fraudulent inducement; (II) race discrimination in violation of Title VII of the Civil Rights Act of 1964; (III) age discrimination in violation of the Age Discrimination in Employment Act (ADEA); and (IV) race discrimination in violation of 42 U.S.C. § 1981. Defendants seek dismissal with prejudice of the FAC.

### A. Defendants Stankus and Orlandino

Defendants argue that the § 1981 claims against Stankus and Orlandino in Count IV should be dismissed with prejudice because there are no factual allegations in the FAC that these two individuals discriminated against Mitchell. Mitchell failed to respond to Defendant's argument for dismissal so the claims against these individuals are forfeited. *See Boogaard v. Nat'l Hockey League*, 891 F.3d 289, 295 (7th Cir. 2018) ("a district court may hold a claim forfeited if a plaintiff fails to respond to the substance of the defendant's motion to dismiss."); *G & S Holdings LLC v. Cont'l Cas. Co.*, 697 F.3d 534, 538 (7th Cir. 2012) ("If [judges] are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning.") (cleaned up); *see also Szplett v. Kenco Logistic Servs., LLC*, 2020 WL 1939388, at *5 (N.D. Ill. Apr. 22, 2020) (plaintiff "forfeit[ed] any response to those arguments [in the motion to dismiss], and thus those claims"). Therefore Stankus and Orlandino are dismissed with prejudice from Count IV.

### B. Discrimination Claims

Defendants argue that Mitchell still fails to state a claim of race or age discrimination. Unlike in her original complaint, Mitchell's FAC contains factual allegations that put Defendants on notice of her discrimination claims. Specifically in her FAC she alleges that after being hired in October 2017, she received an "unacceptable" performance rating but her similarly-situated, substantially younger white counterparts were not given "unacceptable" performance ratings for

5

substantially similar performance. (FAC ¶21). In addition, Sotolongo ridiculed Mitchell publicly but did not openly criticize Mitchell's similarly-situated, substantially younger white coworkers (*id.* at ¶25); Sotolongo deleted Mitchell's agile stories but not those of her substantially younger, white co-workers (*id.* at ¶28); in contrast to how she treated younger, white workers, Sotolongo directed Mitchell's coworkers not to collaborate on, or assist her with, work projects (*id.* at ¶31); Mitchell was disciplined for being on her computer during a meeting when younger, white employees were not (*id.* at ¶32); and younger, white clerical workers were not given an "unacceptable notification" for errors similar to Mitchell's error (*id.*). While Mitchell was terminated despite reaching the goals in her "unacceptable notification", no substantially younger, white employees were disciplined or terminated as Mitchell was for making a clerical error. (*Id.* at ¶¶33, 37-38). Further, a white woman who made several clerical errors was not disciplined and was actually *promoted*. (*Id.* at ¶38). Mitchell claims that all of this disparate treatment was based on her race and age. (*Id.* at ¶¶52, 59).

Taken together, these allegations state claims of race and age discrimination. *See Clark v. L. Off. of Terrence Kennedy, Jr.*, 709 F. App'x 826, 828 (7th Cir. 2017) ("A plaintiff need only identify the type of discrimination, when it occurred, and by whom."); *Stumm v. Wilkie*, 796 F. App'x 292, 295 (7th Cir. 2019) (same); *Salgado v. Graham Enter. Inc.*, 2019 WL 3555001, at *2 (N.D. Ill. Aug. 1, 2019) ("a plaintiff need only allege his employer took an adverse employment action against him because of his membership in a protected class.").

Defendants argue that the FAC does not suggest that Mitchell has identified proper comparators. But "whether similarly-situated comparators exist is a matter addressed at summary judgment, not on a motion to dismiss." *Savoy v. BMW of N. Am., LLC*, 313 F. Supp. 3d 907, 918 (N.D. Ill. 2018). Defendants rely on *McReynolds v. Merrill Lynch & Co.,* 694 F.3d 873 (7th Cir. 2012). But the complaint there contained conclusions and lacked "*factual* allegations to support a reasonable inference of discriminatory intent." *Id.* at 886 (emphasis in original).

Here Mitchell has alleged specific facts related to her being singled out for ridicule, discipline, and termination when her white, younger co-workers who performed similarly were not. The factual allegations discussed give rise to a reasonable inference that Allstate and Sotolongo acted with discriminatory intent. And to the extent Defendants rely on *Smith v. Bd. of Trustees, Illinois Cmty. Coll. Dist. No. 508*, 2010 WL 4720008 (N.D. Ill. Nov. 15, 2010), which is not binding on this Court, to hold Mitchell to a higher pleading standard than is required, the Court rejects that argument.[2]

Mitchell may face challenges *proving* her claims at summary judgment or trial, but the allegations in her amended complaint mean that she has avoided dismissal at this pleading stage. Counts II, III, and IV survive.

---

[2] Defendants rely on cases decided on summary judgment which are not persuasive at this pleading stage. *Williams v. Extra Space Storage, Inc.*, 2019 WL 2994530 (N.D. Ill. July 9, 2019) (granting summary judgment to defendant); *Grube v. Lau Indus., Inc.*, 257 F.3d 723 (7th Cir. 2001) (summary judgment); *Martino v. MCI Commc'ns Servs., Inc.*, 574 F.3d 447 (7th Cir. 2009) (summary judgment).

**C. Fraudulent Inducement**

Mitchell claims that "Allstate, and its agents, falsely and repeatedly represented that the Position was a leadership position that was solely responsible for providing consulting advice to independent Allstate agencies." (FAC ¶42). And the "representations were made throughout the interview process with intent to induce Plaintiff to enter into an employment relationship with Allstate." (*Id*. at ¶44). "Under Illinois law, a claim for fraudulent inducement must aver (1) a false statement of material fact; (2) known or believed to be false by the person making it; (3) an intent to induce the other party to act; (4) action by the other party in reliance on the truth of the statement; and (5) damage to the other party resulting from such reliance." *Triumph Packaging Grp. v. Ward*, 877 F. Supp. 2d 629, 644 (N.D. Ill. 2012) (cleaned up). *See also Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 441–42 (7th Cir. 2011) ("a plaintiff ordinarily must describe the 'who, what, when, where, and how' of the fraud.").[3]

Defendants contend that Mitchell's claim is based on statements of future intent or mere expressions of opinion which are insufficient to support a fraudulent inducement claim, and she alleged no actual, out-of-pocket damages. "[F]raud based on future acts is not actionable in Illinois unless the promise is part of a 'scheme' to defraud." *Van Pelt v. Bona-Dent, Inc.*, 2018 WL 2238788, at *4 (N.D. Ill. May 16, 2018) (cleaned up). Like here, the alleged fraud in *Van Pelt* was "to lure [plaintiff] to work

---

[3] The Court applies the heightened pleading standard required by Fed. R. Civ. Pro. 9(b) to analyze fraudulent inducement. *See e.g. Galligan v. Adtalem Glob. Educ. Inc.*, 2019 WL 423356, at *4 (N.D. Ill. Feb. 4, 2019) (inducement claim must be "pleaded with particularity as required under Rule 9(b)").

8

for [employer] BonaDent," and plaintiff alleged that "BonaDent misrepresented that [plaintiff] would have longevity as National Sales Director of BonaDent in the future." *Id*. The *Van Pelt* court dismissed the claim because plaintiff failed to allege that the misrepresentation was part of a "larger scheme of fraudulent acts intended to defraud." *Id*. at *5. *Cf. Petrakopoulou v. DHR Int'l, Inc.*, 660 F. Supp. 2d 935, 939 (N.D. Ill. 2009) (plaintiff "claims that [employer's] alleged misrepresentations are part of a larger scheme to lure executive recruiters such as herself away from competing firms by means of sham employment agreements."). Mitchell has alleged no larger fraudulent scheme and her claim fails.

In addition, Mitchell failed to allege actual, out-of-pocket damages resulting from the fraudulent inducement. "[A] plaintiff must plead actual damages arising from her reliance on a fraudulent statement. Without a contract, only out-of-pocket losses allegedly arising from the fraud are recoverable." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 406 (7th Cir. 2010) (citations omitted). Mitchell broadly alleges that because of the inducement she was "damaged and has otherwise suffered monetary damages." (FAC ¶46). She also alleges that "the true and unrepresented nature of the Position caused a substantial decline in [her] managerial skills, mental anguish, and emotional distress." (*Id*.).[4]

---

[4] Mitchell also responds to this argument by relying on an allegation not in her amended complaint ("Plaintiff was not able to apply for leadership positions at other companies because leaving the job after she discovered Defendants' fraud would have made her a less desirable candidate"). Her argument, underdeveloped and unsupported by citation to any case law, is waived. (Dkt. 40 at 7). *See Patrick v. City of Chicago*, 111 F.Supp.3d 909, 913-14 (N.D.Ill. 2015) ("…perfunctory, undeveloped arguments without discussion or citation to pertinent legal authority are waived.") (cleaned up).

9

Mitchell has not sought leave to amend the fraudulent inducement claim and the Court finds dismissal with prejudice appropriate. *See Haywood*, 887 F.3d at 335 ("Nothing in Rule 15, nor in any of our cases, suggests that a district court must give leave to amend a complaint where a party does not request it or suggest to the court the ways in which it might cure the defects."). Therefore Count I is dismissed with prejudice.[5]

## IV.  Conclusion

For the stated reasons, Defendants' Motion to Dismiss [36] is granted in part and denied in part. Count I is dismissed with prejudice. Counts II and III (against Allstate only) and IV (against Allstate and Sotolongo) survive. The Clerk is directed to terminate Angelina Stankus and Peggy Orlandino as defendants.

E N T E R:

Dated: August 19, 2021

MARY M. ROWLAND
United States District Judge

---

[5] Like Defendants, the Court is perplexed by Mitchell's allegations referencing a section 1983 *Monell* claim—Allstate's allegedly discriminatory practice is "so permanent and well-settled as to constitute a custom and/or usage with the force of law." (FAC ¶75). To be clear, there is no *Monell* claim possible in this case as there is no state actor.

10